STEWART, by next friend, *v.* SOUTHERN BELL TELE-
PHONE AND TELEGRAPH COMPANY.

1. "Due care according to age and capacity is all the law exacts of a child
of tender years. Ordinary care, which is that of every prudent man, is.
not the standard for a child." *W. & A. Railroad Company* v. *Rogers,*
104 *Ga.* 224. A charge fixing such a standard for a child of tender
years would be erroneous; but when, in immediate connection with the
charge establishing the usual standard of ordinary care, the court in-
structs the jury correctly as to the true degree and measure of diligence
and care which a child must observe under the actual circumstances, the
inappropriate charge does not constitute reversible error.

2. The plaintiff's case was based upon the negligence of the defendant's
servants in cutting down a pole in a street without taking proper pre-
cautions to insure the safety of persons using the street within reach of
the falling pole. The court's charge fairly stated plaintiff's contention.
In the absence of a written request for a more specific statement of her
contentions as to the constituent elements of the alleged negligence, the
charge was sufficiently comprehensive.

3. The judge having charged the jury that they should determine the ques-
tions at issue in the case by the evidence, it was not incumbent upon him
to further instruct them that they should determine any particular one
of the issues by the evidence, especially in the absence of a written
request to do so.

4. The verdict was authorized by the evidence; and there was no error in
any of the other charges complained of, requiring a reversal.

Argued October 6,—Decided November 13, 1905.

Action for damages. Before Judge Taliaferro. City court of
Sandersville. April 5, 1905.

Mamie Bell Stewart, a child eight years old, was hurt by a falling
post of the Southern Bell Telephone and Telegraph Company. By
next friend she brought suit against that company for damages,
alleging, that her injury was sustained by reason of the negligence
of the company's servants who were engaged in cutting down the
post, which was upon the public highway, "without the use of guy
wires, ropes, or props with which the fall of said pole could be con-
trolled," and without having "some person stationed at or near the
said pole to notify the public and warn them of impending danger,"
and that "they failed to notify the said Mamie Bell Stewart of her
danger in time for her to avoid the same, she being a child only
eight or nine years of age." The defendant company answered,
admitting that the pole was cut down in the public street without
the use of guy wires, ropes, or props, but denying liability, averring
that one of its servants was stationed near the pole for the purpose

of warning the public, and that the plaintiff was warned of the danger and admonished to keep away, but she disregarded the warning and was hurt by reason of her own gross negligence. Upon the trial of the case there was some conflict in the evidence in reference to the time when the plaintiff was warned. The witnesses for the plaintiff testified that she was notified too late to get out the way of the pole, that she was allowed to walk directly under it just as it was falling, without being told of her peril; while the defendant's witness swore that she was given ample notice, and that the servants of the defendant did all in their power to prevent the injury, which was caused because of the plaintiff's gross negligence in disregarding all warning and running under a falling pole. The plaintiff herself testified that she was not warned of the danger, nor was she conscious of it until it was too late to save herself, but upon being cross-examined she said, "If I had stopped when they hollered and told me to look out, I wouldn't have been hurt. The truth is I thought I could get over there before that pole fell on me. . . When those young men hollered and told us to look out, the other children stopped, but I didn't. I just run ahead anyway. The young men did everything they could to keep it off of me." The child's mother testified that she was a "smart, bright little girl." The jury brought in a verdict for the defendant, and the plaintiff made a motion for a new trial upon the general grounds, and because of certain errors alleged to have been committed in the charge of the court. The extract, "Now, I charge you further, if the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover," is assigned as error for the reason that it tended to instruct the jury that the usual standard of ordinary care is applicable to a child of tender age, as the court had in a previous portion of the charge given the definition of ordinary diligence as contained in the Civil Code, § 2898. It appears from the record that immediately preceding the language quoted the judge had instructed the jury as follows: "The question also will arise what would amount to due care on the part of a child eight years of age? Now, I charge you that due care in a child eight years old is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation, and is determined by the jury. When of tender years and consequent immaturity of understanding,

a child is not amenable to so high a standard of diligence in regard to his or her own safety as that which adults are obliged to observe. Such care as the capacity of the particular child enables it to use naturally and reasonably is what the law requires upon the part of the child." Error is also assigned, because the court stated to the jury that the contention of the plaintiff was that while she was passing across a public street the defendant company "cut down a pole upon her, and that defendant . . failed to exercise that ordinary diligence and care in cutting down said pole that they ought to have taken, and on account of their failure to do so that she had been injured," instead of stating to the jury plaintiff's true contention, which was that the defendant was "grossly negligent in cutting down the said pole across the street without having the proper appliances to control the falling of the pole, and thus protect the traveling public from danger, and that the failure to so secure the falling pole was gross neglect which amounted to an invasion of the rights of the public, and further that plaintiff had the right to be on the said street and was not under any necessity to take precautionary measures to escape an unforeseen danger." The charge, "Was the plaintiff warned, when the axman was cutting down the pole, of danger, and was she of sufficient mental capacity to understand the danger before her, and did she voluntarily rush into the danger and was thereby injured? If you should find these facts to be established by the proof in this case, then plaintiff would not be entitled to recover," is assigned as error, because, as plaintiff contends, it tended to instruct the jury as to the particular acts which would constitute negligence, instead of leaving to the jury to decide what was and what was not negligence on the part of the child. This portion of the charge is further attacked because the word "warned," as used therein, was misleading to the jury, leaving them to construe that any warning, no matter at what time given, was sufficient to shift the negligence upon the plaintiff. Plaintiff further contends that this charge was an intimation by the court that the plaintiff voluntarily rushed into danger. The motion further assigns error, because "the court failed to charge that if plaintiff used due care for a child of her age and mental capacity and that defendant was negligent, she would be entitled to recover; but charged instead that she must have used ordinary care, thereby placing upon plaintiff a burden which she was not charged

with under the law;" and again, "because the court failed to charge that they [the jury] were to determine from the evidence what would be due care upon the part of plaintiff, and that they must look to the evidence and see whether or not she did use such care as she was capable of exercising, under the actual circumstances and the situation actually existing at the moment."

The motion was overruled, and the plaintiff excepted.

*W. E. Armistead* and *E. W. Jordan,* for plaintiff.  *Osborne & Lawrence, Hunt Chipley,* and *Hardwick & Hyman,* for defendant.

BECK, J. (After stating the facts.)  Had the court charged without qualification that "if the plaintiff by ordinary care could have avoided the consequences to herself caused by defendant's negligence, she is not entitled to recover," the duty of this court, under the facts of the case, to reverse the judgment of the court below would be clear; but while the trial judge instructed the jury in the language of this extract from his charge, he also charged in immediate connection with the same the proper rule as to the standard of care and diligence for a child of tender years.  In the instructions immediately preceding that quoted the trial judge had given the jury the following explicit directions:  "Now, gentlemen, you ask this question:  Was the plaintiff warned, when the axman was cutting down the pole, of danger, and was she of sufficient mental capacity to understand the danger before her, and did she voluntarily rush into the danger and was thereby injured?  If you should find these facts to be established by the proof in this case, then the plaintiff would not be entitled to recover; but if, on the other hand, you find that she was not warned and that the defendant was not exercising proper care and proper diligence, and she was hurt—injured, then she would be entitled to recover.  The question also will arise, what would amount to due care upon the part of a child eight years of age?  Now, I charge you that due care in a child eight years old is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation, and is determined by the jury.  When of tender years and consequent immaturity of understanding, a child is not amenable to so high a standard of diligence in regard to his or her own safety as that which adults are obliged to observe.  Such care as the capacity of the particular child enables it to use naturally and reasonably

is what the law requires upon the part of the child." The court below here imposed upon the defendant the duty of exercising due care and diligence, and also of warning the plaintiff, and fully, clearly, and unmistakably instructed the jury as to the law for determining what is due care upon the part of a child. He directed their minds to the very question that would arise in their investigation, the question of care and diligence of one of plaintiff's age. Construing the entire charge together, we are constrained to believe that the jury could not have failed to understand what constitutes due care on the part of one of the plaintiff's tender years, and that the plaintiff was not required to prove on her part conformity to any higher standard.

The headnotes deal sufficiently with the other assignments of error in the motion for new trial.

*Judgment affirmed. All the Justices concur.*